UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JACKSON FAIRBANKS VEIT,**

      Plaintiff,

      v.                                                       Case No. 16-CV-621

**ANGELA FRATER, and
NEW COMPANY,**

      Defendants.

---

## DECISION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

---

On May 25, 2016, plaintiff, Mr. Jackson Fairbanks Veit, who was proceeding pro se,[1] filed a complaint against Cheryl Anderson, Allen Frater, Angela Frater, the Hazel & Gordon 1975 Trust, and Speranza Inc. ECF No. 1. The matter was randomly assigned to this Court, and both parties consented to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. Pro. 73(b). On August 30, 2016, the defendants filed a motion to dismiss. ECF No. 7. Thereafter, on September 26, 2016, Mr. Veit filed an amended complaint. ECF No. 14. This amended complaint removed all defendants except Angela Frater, and added a new defendant, called New Company.[2] *Id*. Mr. Veit also filed a brief and supplemental response in opposition to the motion to dismiss. ECF Nos. 15 & 17. Ms. Frater filed a reply brief,

---

[1] On January 10, 2017, counsel appeared on behalf of Mr. Veit.
[2] New Company was never identified as an entity, and to the Court's knowledge, service was never effected. *See* ECF No. 20-1.

and Mr. Veit filed a sur-reply. ECF Nos. 20 & 25. Accordingly, the motion is now ready for resolution. For the reasons that follow, the Court will grant Ms. Frater's motion to dismiss.

I.      **Factual Background**

As this case comes before the Court on a Fed. R. Civ. P. 12 motion to dismiss, the Court accepts as true all factual allegations of the complaint and draws all inferences in plaintiff's favor. *See, e.g., Hukic v. Aurora Loan* Services, 588 F.3d 420, 434 (7th Cir. 2009). The facts drawn from Mr. Veit's complaint are as follows:

Mr. Veit is a resident of Racine County and a holder of securities issued by Ms. Frater and "controlled others." ECF No. 14, at ¶ 4. Ms. Frater is an adult resident of Ozaukee County who maintained a controlling interest in an "Alter Ego"[3] which issued Mr. Veit securities. *Id.* at ¶ 5. Mr. Veit alleges New Company to be an artifice created to steal the value of his securities. *Id.* at ¶ 6.

In 2009, Mr. Veit requested that the books and records of Alter Ego be made available for inspection and that he be given a value for the securities, and he alleges that Ms. Frater, and others, ignored these requests. *Id.* at ¶¶ 13-14. He also indicates that at a February 2009 members meeting, Ms. Frater, and others, stated that Alter Ego's gross revenue would double in 2009. *Id.* at ¶ 15. Mr. Veit asserts these statements were untrue. *See, e.g., id.* at ¶¶ 16-22. He further asserts that in 2009, Ms. Frater, along with others, encumbered Alter Ego with a $50,000 note, and

---

[3] Mr. Veit avers that "'Alter Ego' describes various entities of Mrs. Frater and controlled others that issued Plaintiff securities." ECF No. 14, at 4, note 3.

that a $50,000 note of New Company was called to Alter Ego.[4] *Id.* at ¶¶ 26-27. Mr. Veit alleges various deficiencies in Alter Ego's annual member meetings, notices of meetings, and alleged failure to provide members with annual financials. *Id.* at ¶¶ 32, 35, 36. Mr. Veit alleges that in connection with this meeting, a balance sheet, which Mr. Veit asserts has misrepresentations and is fraudulent, was circulated on April 30, 2010, and shows Alter Ego to be insolvent. *Id.* at ¶ 34. In conjunction with the materials sent out for the member meeting, there was an "Asset Purchase Agreement" based upon the circulated balance sheet as well as a ballot asking members "'to approve the sale of substantially all of the assets of [Alter Ego].'" *Id.* at ¶¶ 38-39. Mr. Veit asserts that at the member's meeting, which occurred on May 26, 2010, he again requested disclosure of material facts. *Id.* at ¶¶ 40-41. Mr. Veit alleges that Ms. Frater and "controlled others" stole the value of his securities and have done so since June 1, 2010. *Id.* at ¶¶ 43, 45.

Mr. Veit's complaint sets forth four claims for relief against Ms. Frater and "New Company." Two claims are against both defendants, and two are against Ms. Frater alone. First, he asserts a civil conspiracy, alleging that Ms. Frater and New Company conspired "to defraud Mr. Veit, steal the value of securities held by him and deprive him of any profit defendants gained in the transaction thereof." ECF No. 14, Am. Compl., ¶ 52. Second, he asserts that Ms. Frater committed violations of "Section 20(a) of the Securities Act, 15 U.S.C. § 77q(a)." *Id.* at ¶ 58. Third, he

---

[4] This is what the Court believes Mr. Veit alleges. His actual wording was "Mrs. Frater . . . engaged with controlled others to encumber Alter Ego with a $50,000 note" (ECF No. 14, at ¶ 26), and that she "engaged with controlled others to call New Company $50,000 note to Alter Ego" (ECF No. 14, at ¶ 27).

3

asserts that "each of the defendants violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.110b-5." *Id.* at ¶ 60. Finally, he alleges a claim of promissory estoppel against Ms. Frater. *Id.* at ¶¶ 61-64. He seeks injunctive orders, a disgorgement of "ill-gotten gains from their illegal conduct, together with prejudgment interest," and civil penalties. *Id.* at 16-17.

## II.  Standard on Motion to Dismiss

Defendants briefing makes plain that they seek dismissal under Fed. R. Civ. P. 12(b)(6), which empowers a party to "challenge[] the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, a claimant must "state a claim to relief that is 'plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when there is "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff is not required to plead particularized facts, but the factual allegations must "raise a right of relief above a speculative level." *Twombly*, 550 U.S. at 555.

Ordinarily, courts limit factual review in a 12(b)(6) motion to the well pleaded allegations contained in the complaint, *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987), but defendants asked the Court to take judicial notice of the results of prior cases litigated by Mr. Veit. ECF No. 7, at 4-5. Courts

may properly take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *see also Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (recognizing specifically that proceedings in other courts, whether federal or state, may be judicially noticed).

Mr. Veit suggested that the Court should take judicial notice of only parts of his prior cases and for limited purposes only. Mr. Veit also requested an opportunity to be heard on judicial notice, pursuant to Fed. R. Evid. 201(e). ECF No. 17, at 7. During the requested hearing, both parties agreed that defendants had satisfied the requirements of Rule 201. ECF No. 27. The Court therefore determined that it would take judicial notice of the four lawsuits previously filed by Mr. Veit against InfoCorp. *Id*.

A court's review of a 12(b)(6) motion may also encompass "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, when analyzing a motion to dismiss, the Court must "consider documents attached to the complaint as part of the complaint itself." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). The Court will therefore consider the twenty five exhibits Mr. Veit attached to his amended complaint. Therefore, the Court considers the defendants' motion to dismiss with these standards and documents in mind.

### III. Discussion

#### A. Claim Preclusion

Defendants argue that Mr. Veit's claims must be dismissed because he has

5

previously brought, and lost, these identical claims in another forum and that his present action is therefore barred by preclusion. Courts distinguish between two types of preclusion: claim preclusion and issue preclusion. Under claim preclusion, or *res judicata*, parties are prevented from re-litigating issues that were or could have been raised in a prior action where a final judgment on the merits exists. *Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). Issue preclusion, or collateral estoppel, on the other hand, "refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001).

*Res judicata* bars issues decided in a prior suit as well as all issues that could have been raised in that action where three elements are met: (1) there is a final judgment in a prior action; (2) there is identity of the cause of action in both the prior and present suit; and (3) there is identity of parties or privies in the two suits. *Cannon v. Burge*, 752 F.3d 1079, 1101 (7th Cir. 2014); *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011).

Defendants have satisfied the elements for application of claim preclusion. First, defendants have presented the Final Order in *Jackson F. Veit v. Anderson, et al.*, 12-CV-296 (Wis. Cir. Ct., Washington Cty., Oct. 21, 2013) (*InfoCorp* I). In that decision, a court of competent jurisdiction granted summary judgment dismissing all of Mr. Veit's claims against all defendants (including those named in Mr. Veit's original complaint in this action: Ms. Anderson, Mr. Frater, and The Hazel &

Gordon 1975 Trust). The court's decision indicated that the order "disposes of the entire matter in litigation as to Defendants . . . and is final for purposes of appeal under Wis. Stat. § 808.03(1)." ECF No. 7-6. It does not appear that an appeal has been taken of this judgment, so it is final for purposes of claim preclusion.

To satisfy the second claim preclusion requirement, defendants must show that the present case involves the same cause of action—arising from the same incident, event, transaction, circumstances, or other factual nebula—as a prior suit that has gone to judgment. *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). The scope of claim preclusion will include all claims based on a transaction and injury that could have been brought in the prior suit. *Car Carriers Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). A change in legal theory does not create a new cause of action. *Id.*

Here, the claims alleged by Mr. Veit in the present case closely match, with only minor wording modifications, those raised in *InfoCorp I*. *Compare* ECF No. 7-3 *with* ECF No. 14. In essence, Mr. Veit asserts that various defendants executed a scheme to show InfoCorp to be insolvent and then transferred the assets of InfoCorp to a new company (specified as Speranza in *InfoCorp I*), thereby defrauding and depriving him of the value of his investment securities. There are some minor differences between the prior and present actions, but both clearly stem from the same incident, event, transaction and circumstances. Accordingly, the second requirement for claim preclusion is met.

Finally, the present case involves the same parties or privies as appeared in *InfoCorp I*. In that case, Mr. Veit brought claims against Ms. Anderson, Mr. Frater,

the Hazel & Gordon 1975 Trust, and an entity called Speranza, among others. ECF No. 7-3. In Mr. Veit's original complaint in the present case, he brought claims against Ms. Anderson, Mr. Frater, the Hazel & Gordon 1975 Trust, and Speranza. ECF No. 1. He also added Ms. Frater as a defendant. *Id*. After defendants filed their motion to dismiss asserting that *InfoCorp I* barred his suit under claim preclusion, Mr. Veit filed an amended complaint. ECF No. 14. Presumably in an effort to avoid preclusion, Mr. Veit removed all defendants but Ms. Frater, and he added a defendant entity called "New Company." *Id*.

As shown by the attachments to Mr. Veit's pleadings, this "New Company" is without question a substitute for the previously named Speranza and Alter Ego is a substitute for the previously named InfoCorp, as shown by the attachments to Mr. Veit's pleadings. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) (explaining that the "district court is entitled to consider exhibits attached to the complaint as part of the pleadings"). "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Indeed, examination of the exhibits attached to Mr. Veit's amended complaint demonstrates that his references essentially equate Alter Ego with InfoCorp, despite his assertions that they are not the same. *See e.g.* ECF No. 14-10 (Mr. Veit refers to himself as a co-founder and member of Alter Ego; he references Exhibits D, E, F, G, I, J, K, Q, S, W, AA, BB, CC as support for his claims relating to Alter Ego, but each of these exhibits explicitly names and relates to either InfoCor or InfoCorp); *see also id*. at ¶ 13 ("[Alter Ego] Moves Due to Expansion and Growth,"

referencing Exhibit CC; examination of Exhibit CC (ECF No. 14-24) reveals that the article said InfoCor where Mr. Veit placed [Alter Ego]). Further calling into question Mr. Veit's claims regarding "Alter Ego" is the proxy in which Mr. Veit asserts that he is "the owner of shares in InfoCorp LLC." ECF No. 14-22.

Additionally, with the exception of one (ECF No. 14-17), of the twenty five attachments to Mr. Veit's amended complaint, all refer to InfoCor, InfoCorp and Speranza, not Alter Ego or New Company. *See* ECF Nos. 14-2 through 14-26. Although Mr. Veit claims ownership in "Alter Ego," the evidence he submits only shows his ownership in InfoCorp. *See id.*; *see also* ECF No. 14. As indicated above, all references in Mr. Veit's amended complaint are to Alter Ego, yet again, everything he submitted to the Court as support for his assertions identifies InfoCorp as the true entity at issue. For example, the amended complaint alleges a "violation of Alter Ego' Operating Agreement" and cites "Exhibit 'N'" to the pleading as the Operating Agreement at issue. *Id.* at 9. But Exhibit N, (ECF No. 14-11) is a letter, on InfoCorp LLC letterhead to the members of InfoCorp LLC, noticing a meeting of members, and referencing InfoCorp's Operating Agreement. Exhibit N contains no mention of Alter Ego.

Similar examples occur throughout Mr. Veit's complaint and exhibits. He makes numerous references to Alter Ego that are allegedly supported by documentary evidence, but the documentary evidence is all about InfoCorp. *See* ECF No. 14 and attachments. The record establishes beyond doubt that all references in the amended complaint to Alter Ego are a subterfuge for the actual entity InfoCorp.

9

Regarding "New Company," it is equally evident that this is simply a pseudonym for Speranza. He asserts that "New Company" is the "entity created by Mrs. Frater and controlled others to steal the value of Plaintiff's securities, and maintain or improve the value of their own." ECF No. 14, at 3, note 2. He used nearly identical language in the amended complaint in *InfoCorp I*, where Mr. Veit asserted that "Speranza, Inc. is an enterprise created by the Conspiracy Defendants[5] to receive the intellectual property, trade secrets, assets and opportunity that belong to InfoCorp, LLC." ECF No. 7-3, at 4. The interchangeability of New Company and Speranza is further confirmed in various exhibits Mr. Veit attached to his amended complaint in the present case. *See* ECF No. 14-15, at 7 (the deposition testimony of Allen Frater, in which he indicates that the dissolution of InfoCor[p] was approved by all unit holders and that Speranza bought the assets and liabilities of InfoCorp); ECF No. 14-19, at 11-13 (the deposition testimony of Cheryl Anderson, in which she explains the decision to sell InfoCorp and that Speranza is the company that bought the company and continues to do business as InfoCor).

Mr. Veit's allegations regarding Speranza in the *InfoCorp I* suit closely mirror the operative dispute underlying Mr. Veit's claim in this matter: that Ms. Frater, and others, created a new entity to which they transferred the assets of InfoCorp, depriving Mr. Veit of the value of his investment securities. In the *InfoCorp I* suit, Mr. Veit identified this new entity as Speranza. He now seeks to

---

[5] Conspiracy Defendants is defined as Ms. Cheryl Anderson, Mr. Allen Frater, and Mr. William Jones. ECF No. 7-3, at 3-4.

avoid preclusion by creating a new name for Speranza. To permit this effort would work an injustice against defendants, who have already gone to the expense and time of defeating Mr. Veit's claims. He cannot get a do-over by the simple expedient of calling the players by different names. I find that in Mr. Veit's amended complaint in the present action, references to Alter Ego are references to InfoCorp, and references to New Company are references to Speranza. As such, there is an identity of these parties, warranting claim preclusion.

The only issue left to consider is whether Ms. Frater stands in privity with the defendants named in *InfoCorp I*. The requirement that the parties be identical or in privity is an essential part of jurisprudence regarding claim preclusion to ensure that "each person [has] his or her own day in court." *Tice v. American Airlines, Inc.*, 162 F.3d 966, 972 (7th Cir. 1998); see also *Nevada v. United States*, 463 U.S. 110, 143 (1983). The minimum requirements for a nonparty to be adequately represented by a party in a prior suit are an alignment of interests between the nonparty and the representative, the party's understanding that it was acting in a representative capacity, and notice to the nonparty of the suit. *See Taylor v. Sturgell*, 553 U.S. 880, 900-01 (2008).

Mr. Veit asserts that because neither Ms. Frater nor "New Company" were involved in the *InfoCorp I* suit that claim preclusion does not exist here. He now alleges that Ms. Frater is at least partially responsible for conducting the allegedly fraudulent scheme. However, when he makes allegations against Ms. Frater, he makes the allegation against her "and controlled others." *See* ECF No. 14. He indicates in his complaint that "Mrs. Frater and controlled others were Alter Egos'

11

member managers, exclusively conducting, administering, and controlling all business and financial aspects therein." *Id.*, at 3, note 1. He further indicates that "'New Company' describes the entity created by Mrs. Frater and controlled others to steal the value of Plaintiff's securities, and maintain or improve the value of their own." *Id.* at note 2. The inclusion of "and controlled others" necessarily implies that Ms. Frater was not acting alone. Although Mr. Veit asserts that "controlled others" is ambiguous and does not identify the defendants from *InfoCorp I*, since he has made no effort to explain to the Court who "controlled others" may be if they are *not* the defendants from *InfoCorp I*, the Court looks to the documents attached to the pleadings to assist in resolving this dispute.

As discussed above, the claims Mr. Veit now makes closely mirror the claims of *InfoCorp I*, a case involving multiple other defendants who were alleged to conduct a fraudulent scheme to deprive Mr. Veit of his investment securities. These other defendants from *InfoCorp I* were business partners, and in the case of Mr. Frater, the spouse, of Ms. Frater. Ms. Frater was a part of the management of InfoCorp, and therefore, she shares the interests of the other defendants in *InfoCorp I*.

Mr. Veit indicates that he was unaware of Ms. Frater's involvement until October 2012, yet, even if true, that date is well in advance of the final order entered in *InfoCorp I. See* ECF 7-5. Moreover, an attachment to the amended complaint in the present action indicates that Mr. Veit knew of Ms. Frater's involvement much earlier than he represents. The letter from Ms. Anderson, president of InfoCorp, noticing the Members of InfoCorp of the May 26, 2010,

Meeting of the Members stated the purpose of the meeting to be: "[t]o consider, discuss and vote on the sale of substantially all of the assets of the Company (the 'Sale') to an entity (the 'Buyer') to be formed by Cheryl Anderson, Angela Frater and the Hazel & Gordon 1975 Trust." *See* ECF No. 14-11 ("Exhibit N").

This letter shows that Ms. Frater, Ms. Anderson, and the Hazel & Gordon 1975 trust intended to form a new company that would buy substantially all the assets of InfoCorp. *Id*. Acting upon this letter, Mr. Veit signed a proxy form on May 24, 2010, appointing Mr. Edward Graff as his proxy to attend the Meeting of Members in his place. *See* ECF No. 14-22 ("Exhibit AA"). Mr. Veit cannot now claim that he was unaware that Ms. Frater was involved, as she was plainly identified along with Ms. Anderson and the Hazel & Gordon 1975 Trust (defendants in *InfoCorp I* and in the first complaint filed in this action) as intended owners of the new entity that was to purchase substantially all of the assets of InfoCorp.

Comparing the claims raised in *InfoCorp I* with the claims raised in this case, both suits were brought regarding the same event. As such, Mr. Veit was obligated to include Ms. Frater in *InfoCorp I*, because "[o]nce a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1035 (7th Cir. 1997) (citation and internal quotation marks omitted). Ms. Frater could have been included in the *InfoCorp I* litigation, and she was not, with Mr. Veit offering no plausible explanation for her exclusion from the prior suit. Additionally, Ms. Frater's position put her in privity with the defendants from *InfoCorp I*, and Mr. Veit cannot now bring the same claims against her under the doctrine of claim

13

preclusion.

Having found that claim preclusion exists in this case, the Court grants the defendant's motion to dismiss and does not need to address further the additional arguments raised by defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendant's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge