# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JACKSON FAIRBANKS VEIT,**

    **Plaintiff,**

  v.                                                                             Case No. 16-CV-621

**ANGELA FRATER and
NEW COMPANY,**

    **Defendants.**

---

## REPORT AND RECOMMENDATION ON PLAINTIFF'S
## MOTION FOR RELIEF FROM JUDGMENT

---

Jackson Fairbanks Veit sued Angela Frater and New Company asserting that they conspired to defraud him of the value of securities that he held in InfoCorp, LLC. Magistrate Judge David Jones dismissed Veit's suit because it was barred by claim preclusion. Veit appealed, and the Seventh Circuit affirmed the judgment except as to the violations of federal securities law alleged in Veit's complaint. On remand, Judge Jones dismissed the action with prejudice on statute of limitations and statute of repose grounds and imposed sanctions upon Veit. Veit appealed the dismissal and the Seventh Circuit affirmed the decision. (Docket # 74.) Veit files a *pro se* motion for relief from judgment. The case was subsequently reassigned to District Judge Lynn Adelman and Judge Adelman referred Veit's motion to me for a report and recommendation. For the reasons explained below, I recommend that Veit's motion for relief from judgment be denied and that the defendants' motion for sanctions be granted.

## BACKGROUND

On September 26, 2016, Jackson Fairbanks Veit filed an amended complaint against

Angela Frater and New Company, first asserting a civil conspiracy "to defraud Mr. Veit, steal the value of securities held by him and deprive him of any profit defendants gained in the transaction thereof." (*See* Am. Compl. ¶ 52, Docket # 14.) Second, Veit asserted that Frater committed violations of "Section 20(a) of the Securities Act, 15 U.S.C. § 77q(a)." (*Id*. at ¶ 58.) Third, Veit argued that each of the defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b). (*Id*. at ¶ 60.) Finally, Veit alleged a claim of promissory estoppel against Frater. (*Id*. at ¶¶ 61–64.)

On January 30, 2017, pursuant to Defendants' Motion to Dismiss, (Docket # 7), Judge Jones dismissed this action with prejudice, finding that Veit had previously brought, and lost, the claims in his amended complaint in state court and that this action was therefore barred by claim preclusion. (*See* Decision and Order Granting Defendants' Motion to Dismiss 5-14, Docket # 28.) Veit subsequently filed a Notice of Appeal. (Docket # 30.)

On appeal, the Seventh Circuit reversed this Court's dismissal of Veit's federal securities claims on claim preclusion grounds because claims under the Securities and Exchange Act of 1934 could not have been brought in Veit's earlier state court actions. (*See* USCA Mandate at 4, Docket # 36.) The Seventh Circuit affirmed the dismissal of Veit's remaining claims. (*Id*.) In its mandate, the Seventh Circuit directed Judge Jones to consider whether New Company should be dismissed due to Veit's failure to effect service of process or failure to prosecute. (*See id*. at 5.) The Seventh Circuit also encouraged Judge Jones "to investigate Mr. Veit's conduct" and "impose sanctions, up to and including the dismissal of this suit," if the Court determines that Veit has "pursued this suit in an effort to harass the defendants or has willfully misrepresented the facts." (*Id*. at 6.)

After receiving the mandate from the Seventh Circuit, Judge Jones held a telephonic

2

status conference with the parties, during which Judge Jones indicated that the case may be barred by the statute of limitations and/or the statute of repose. (*See* Minute Sheet, Docket # 48.) In response, Veit filed a letter with the Court arguing that the doctrine of fraudulent concealment tolls the statute of limitations. (*See* Letter, Docket # 53.) Veit filed two additional letters stating that a case pending in Milwaukee County Circuit Court was related to the proceedings before this Court because the state court judge granted a motion to disqualify the attorneys and the law firm representing some of the defendants and denied a motion for sanctions that Angela Frater filed in that case. (*See* Docket # 55 and Docket # 56.) Frater replied that Veit's references to the proceedings in Milwaukee County have no bearing on the instant case where Veit's claims were dismissed on claim preclusion and statute of limitations grounds, and that Veit has failed to respond to defendant's motion for sanctions in a timely manner. (*See* Letter, Docket # 57.)

On June 29, 2018, Judge Jones dismissed this action with prejudice on statute of limitations and statute of repose grounds and imposed sanctions upon Veit. (*See* Decision and Order Granting Defendants' Motion to Dismiss Plaintiff's Securities Claims 6-13, Docket # 61.) Veit appealed, and the Seventh Circuit affirmed the dismissal of the action and the award of sanctions. (Docket # 74.) The case was subsequently reassigned to Judge Adelman.

Veit filed a *pro se* Motion for Relief from Judgment. (Docket # 67.) The defendants oppose the motion and argue that the motion "is more of the same behavior the Court already deemed appropriate for imposing sanctions." (Docket # 68 at 10.) As such, the defendants request the Court sanction Veit for filing this motion.

3

## ANALYSIS

*1. Motion for Relief From Judgment*

At the time Veit brought this motion, this case was pending before the Seventh Circuit Court of Appeals. Thus, Veit brought his motion under Rule 62.1 which allows the district court to issue an indicative ruling while an appeal is pending. As Veit's appeal is now resolved (Docket # 74), his motion is properly considered under Rule 60(b)(2). A party may be entitled to relief from the entry of final judgment if that party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Relief under Rule 60(b)(2) "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).

Veit requests relief from the judgment in this case "based on new evidence supporting [his] claims and not previously considered by this Court prior to dismissal." (Motion for Relief at 1–2.) According to Veit, following the dismissal of his action in June 2018, additional discovery conducted in a related state circuit court matter[1] "yielded new documents supporting [his] allegations of defendants' unlawful transaction of [his] securities, their fraudulent concealment of their plan to do so, and their coverup of the corporate documents to prove [his] claims." (*Id.* at 3.)

The "newly discovered" evidence is two letters that Veit argues evidences that the defendants created an entity they called "New Corporation" as part of their scheme to defraud him. (*Id.*) The first is a letter addressed from Spring Bank to "InfoCor, LLC (or new

---

[1] The Court took judicial notice of the four lawsuits previously filed by Veit against InfoCorp, including Wisconsin Circuit Court Milwaukee County case No. 16cv3960, the case which Veit argues produced "newly discovered" evidence. (*See* Decision and Order Granting Defendants' Motion to Dismiss 4–5, Docket # 28.)

4

corporation to be named)," outlining the loan that Spring Bank approved for InfoCor, LLC. (Motion for Relief, Docket # 67-1.) That letter asks for "evidence of the change in ownership of the business and the name change." (*Id.*) The second letter is from the attorney for Anderson and Frater to counsel for InfoCorp, stating that Anderson and Frater are proposing to "create a new corporation which will acquire the assets from InfoCorp., LLC, including client lists and the business name of InfoCorp." (*Id.* at 4.)

Veit argues that while the defendants have "repeatedly verified to this Court that [he] invented 'New Company,'" these letters show that defendants conceived of and created "New Corporation" to defraud him and mislead the Court. (*See* Motion for Relief at 4.) Veit contends that the Court used the mistaken belief that he created "New Company" to deny discovery and to support dismissal of his claims:

> Counsel for Mr. Veit suggested . . . that additional discovery may reveal the true identity of New Company. . . . The Court emphatically cautioned counsel for Mr. Veit to "tread carefully" in suggesting that New Company is anything other than Speranza. . . . *See also* ECF No. 28 at 8-10 (detailing proof that what Mr. Veit calls in this suit "New Company" is in fact Speranza and what he now calls "Alter Ego" is in fact InfoCorp). The Court indicated, "it appears fairly clear to me that there was a simple sort of re-designation of InfoCorp and Speranza using the subterfuge terms Alter Ego and New Company" and that "no amount of discovery is going to change that."

(Decision and Order at 3–4, Docket # 61.) According to Veit, the letters show that the defendants were the ones to conceive New Company, and that they misled this Court by asserting that Veit made New Company up as a label for Speranza, Inc. (Motion for Relief at 5.)

Defendants respond that it has never been their position that Veit "created any company in these proceedings" but rather that Veit "inserted the labels 'New Company' and 'Alter Ego' into his amended complaint as pseudonyms for Speranza and InfoCorp in an effort to avoid dismissal of his action on claim preclusion grounds." (*See* Resp. Br. at 7.)

5

Defendants further argue that Veit's insistence that "New Company" or "New Corporation" constitute something other than Speranza, Inc. is evidence of his continued subterfuge. I agree.

As shown by Veit's pleadings and attachments, "New Company" or "New Corporation" is undeniably a substitute for Speranza, Inc. In his previous state court action *InfoCorp I*, and in his initial complaint in this action, Veit sued Speranza (and other defendants) based essentially on the same allegations set forth in this case. (Motion to Dismiss, Docket # 7-3 at 1, 16, citing Veit's amended complaint in *InfoCorp I* alleging civil conspiracy involving Speranza); *see also* (Complaint at 1, 13, Docket # 1 (alleging same).). Notably, in the first paragraph of his initial complaint, Veit states that his allegations are based on his "review and analysis of submissions" made by "Speranza, Inc. ("Speranza" or "new company")." (Compl. at 1.)

Moreover, following the defendants' filing of a motion to dismiss on the grounds of claim preclusion, Veit filed an amended complaint naming only Frater and "New Company" as defendants. (Am. Compl. at 1.) Veit's amended complaint shows that Veit uses "New Company" and "Speranza" interchangeably. For example, he describes "New Company" as the "entity created by Ms. Frater and controlled others to steal the value of Plaintiff's securities, and maintain or improve the value of their own." (Am. Compl. at 3 at n.2.) As previously noted, Veit used "nearly identical language in the amended complaint in *InfoCorp I*." (Decision and Order at 10, Docket # 28.) In that case, Veit "asserted that Speranza, Inc. is an enterprise created by the Conspiracy Defendants to receive the intellectual property, trade secrets, assets and opportunity that belong to InfoCorp, LLC." "Conspiracy Defendants" is defined as Cheryl Anderson, Allen Frater, and William Jones. (Docket # 7-3

at 3–4.)

Despite Veit's contention otherwise, nothing in the "newly discovered" letters leads to the conclusion that "New Company" or "New Corporation" constitute anything other than Speranza, Inc. In fact, the letter from Spring Break to "InfoCor, LLC (or new corporation to be named)," read alongside other documents in the record, supports the opposite conclusion as it is clear that Speranza, Inc. is that new corporation "to be named." (Am. Compl., Docket # 14-19 at 11–13 (deposition testimony of Cheryl Anderson, in which she explains the decision to sell InfoCorp and that Speranza, Inc. is the company that bought InfoCorp and continues to do business as InfoCor)); *see also* (Resp. Br. at 8 (stating that "Speranza acquired InfoCorp's assets in 2010 and conducts business in that capacity to this day").).

Defendants further argue that the letters presented by Veit do not constitute "newly discovered" evidence under Rule 60(b)(2) because the evidence could have been timely discovered with reasonable diligence on Veit's part. (*See* Resp. Br. at 4.) In support, the defendants state that during the *InfoCorp I* proceedings in 2013, InfoCorp's corporate records were made available to Veit but neither he nor his counsel took the opportunity to review those records. (*See id.* (citing Affidavit of Michael Cohen, Docket # 68-1) (stating that beginning August 2013, InfoCorp made all of its existing books and record, which filled sixty boxes, available for inspection).) Thus, the defendants argue Veit's motion should be denied for failure to "exercise reasonable diligence by reviewing InfoCorp's cooperate records when they were made available to him and his counsel more than 5 years ago." (*See* Resp. Br. at 4.)

In response, Veit distinguishes between the sixty boxes made available to him in 2013 and the "new corporate records" that "were separately produced to [him] in 2018." (*See* Reply Br. at 10.) Veit maintains that the documents in question were not in the sixty boxes that

defendants previously made available to him, despite his diligent review of those boxes over a two-week period at the end of March 2018. (*Id.*) According to Veit, it was not until July 2018, after this Court dismissed his case, that defense counsel produced the new documents as part of a separate production of over 900 documents. (*Id.* at 8–9; *see also* Declaration of Leah J. Poulos Mueller at 6, 10, Docket # 71-1 (email chain showing that a supplemental production of corporate records was made to Plaintiff in 2018).)

Veit asserts that the defendants' argument fails because their reliance on Michael Cohn's affidavit stating that all of InfoCorp's existing books and records were made available to him in 2013 does not speak to whether the documents he identified were actually contained in those files. (*See* Reply Br. at 9–10.) Veit's point is well taken; however, the email chain about supplemental production of documents in 2018 does not certify that the new documents in question *were not* part of the sixty boxes previously made available in 2013. (*See* Mueller Declaration at 6, 10, Docket # 71-1.) To the contrary, the email to Veit's attorney specifically states that Mueller already had many of the records being sent over. (*Id.* at 6.) Consequently, I cannot conclude that the "newly discovered" evidence is indeed "newly discovered" for the purposes of Rule 60(b)(2).

Because Veit has failed to show the exceptional circumstances warranting relief under Rule 60(b)(2), I recommend that his motion be denied.

   2.   *Request for Sanctions*

The defendants move for sanctions against Veit "for the additional resources expended to respond to this baseless motion." (See Resp. Br. at 10; see also Decision and Order at 11–13, Docket # 61.) They argue that Veit's motion is more of the same behavior that this Court has already deemed warrant sanctions. I agree. Because Veit's motion is groundless, I

8

recommend that the defendants be granted their reasonable attorney's fees and costs incurred defending Veit's motion. The defendants should provide documentation supporting reasonable and necessary attorney's fees and costs incurred defending this motion within **10 days** of the date of this order.

**NOW, THEREFORE, IT IS RECOMMENDED** that the Veit's Motion for Relief from Judgment (Docket # 67) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the defendants' request for sanctions be **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2020.

                                              **BY THE COURT:**

                                          *s/ Nancy Joseph*
                                          NANCY JOSEPH
                                          United States Magistrate Judge